UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,                  Crim. No. 14-224 (RHK/LIB)
                                           **ORDER**

v.

Tory Djuan Patterson,

        Defendant.

---

       This matter is before the Court on the Government's Objections (Doc. No. 35) to Magistrate Judge Brisbois's Report and Recommendation (R&R) (Doc. No. 32), which recommended that Defendant's Motion to Suppress (Doc. No. 27) be granted.  In particular, the R&R recommended suppressing evidence seized following a search at 1006 *East* 6th Street, Duluth, Minnesota, on April 16, 2014.  Defendant argued in his Motion, and the Magistrate Judge found in the R&R, that probable cause for the search was lacking, largely because the Affidavit in support of the warrant focused on drug activities near 10th Avenue *West* in Duluth.

       The Court has carefully reviewed the underlying Motion, the R&R, and the Government's Objections *de novo*, see 28 U.S.C. § 636, and it notes Defendant has not responded to the Government's Objections.  Although the Court agrees with and adopts the Magistrate Judge's fact-finding, it respectfully disagrees that the Affidavit in support of the search warrant failed to adequately establish probable cause.  Accordingly, the Objections will be sustained and suppression denied.

Probable cause to issue a search warrant is established if the "affidavit in support . . . sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)) (other internal citations omitted). To establish probable cause, "there must be evidence of a nexus between the contraband and the place to be searched." United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000).

The Magistrate Judge held no probable cause existed here because the Affidavit supporting the warrant failed to show a sufficient nexus between drug contraband and the residence to be searched. Notably, he did not question the existence of drug contraband, and it would be difficult to do so. Barbara Gilliam – the person whose drug activities were targeted in the warrant – was convicted of selling drugs in 2009 and 2010, and confidential informants observed her selling heroin beginning in January 2014. (Aff. ¶¶ 7-8, 11-13.) Within 72 hours before the warrant was issued, she was observed selling drugs and meeting with a known drug dealer. (Id. ¶¶ 14-15.) Nevertheless, the Magistrate Judge concluded the Affidavit failed to connect 1006 *East* 6th Street – the house that was searched – to Gilliam's drug-related activities, because the Affidavit averred those activities occurred near "the intersection of 10th Avenue *West* and 6th Street," approximately twenty blocks away from 1006 East 6th Street. (R&R at 8 (emphasis added).) For two reasons, the undersigned reaches a different conclusion.

First, the Court believes the references to 10th Avenue West were clear typographical errors, evidenced by the context in which the references were used. See

United States v. Butler, 594 F.3d 955, 961-62 (8th Cir. 2010) ("A mere typographical error does not . . . cast doubt on the affidavit's showing of probable cause to search the residence."). The affiant averred that in the 72 hours before the warrant, investigators witnessed Gilliam selling heroin to one person and meeting with people, including a known drug dealer, at the intersection of 10th Avenue *West* and 6th Street. (Aff. ¶ 15.) Between meetings, however, Gilliam went into and came out of the house at 1006 *East* 6th Street. (Id.) The distance between 10th Avenue *West* and 1006 *East* 6th Street is approximately 20 blocks. But the intersection of 10th Avenue *East* and 6th Street is just a short distance from 1006 East 6th Street, and the affiant suggested Gilliam's meetings and the house were very close. (See id. (explaining "it is common for those involved in the distribution of controlled substances to meet with customers *in the vicinity of their residence but not right at the residence*") (emphasis added).) In the Court's view, therefore, context made clear that the affiant simply erred by referring to 10th Avenue West and obviously meant 10th Avenue East.

Second, even if Gilliam truly were dealing drugs twenty blocks from the house, the Affidavit still identifies a sufficient nexus between the house and drug contraband. The affiant stated, based on police records, property information, and other databases, that Gilliam's recorded address was 1006 East 6th Street. (Id. ¶ 16.) There is no obvious reason to doubt the accuracy of address information in official databases, see, e.g., United States v. Strusinski, Crim. No. 13-135, 2013 WL 6276380, at *4 (D. Minn. Dec. 4, 2013) (Frank, J.) (relying on a database search to confirm an address), especially because Gilliam was on supervised release from the Minnesota Department of Corrections, which

identified 1006 East 6th Street as her address. (Aff. ¶ 17.) Moreover, Gilliam was observed entering 1006 East 6th Street within 72 hours of the warrant, in-between meetings with individuals on the street (even if twenty blocks away) which the affiant suggested, based on his training and experience as a law-enforcement officer, were drug-related – indeed, one of the meetings was with a known drug dealer. Accordingly, the Court concludes there existed sufficient evidence of a nexus between Gilliam's drug-related activities and 1006 East 6th Street for a prudent person to believe there was a fair probability of finding contraband or evidence of a crime at that location. See United States v. Becerra, Crim. No. 7-378, 2007 WL 189955, at *8 (D. Minn. Jan. 22, 2008) (Davis, C.J.) (probable cause existed where records indicated house was defendant's address and law-enforcement agents observed defendant at the house and leaving it to complete a drug transaction).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. The R&R (Doc. No. 32) is **ADOPTED IN PART**, specifically as to its fact-finding, and **REJECTED IN PART**, specifically as to its legal conclusions;

2. The Government's Objections (Doc. No. 35) to the R&R are **SUSTAINED**; and

3. Defendant's Motion to Suppress (Doc. No. 27) is **DENIED**.

Dated: December 1, 2014    s/Richard H. Kyle
                           RICHARD H. KYLE
                           United States District Judge