UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 14-224 (PAM)
                                                             Civ. No. 17-3537 (PAM)
                      Plaintiff,

v.                                                           **ORDER**

Tory Djuan Patterson,

                      Defendant.

---

This matter is before the Court on Defendant's Motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 106), based on alleged ineffective assistance of counsel. For the reasons that follow, the Motion will be denied.

The Indictment charged Defendant with two crimes: possession of an unregistered short-barreled shotgun, and felon in possession of a firearm. Defendant entered pleas of not guilty and proceeded to a jury trial in January 2015. The jury found Defendant guilty of both crimes.

Before sentencing, the Probation officer prepared a Presentence Report ("PSR"). To calculate Defendant's sentencing range under the United States Sentencing Guidelines, the PSR first looked to § 2K2.1(a)(3), which applies to crimes involving the unlawful possession of a firearm. That Section specifies the base offense level is 22 if (i) the offense involved a short-barreled shotgun and (ii) the crime was committed after the defendant had been convicted of a felony "controlled substance offense." U.S.S.G. § 2K2.1(a)(3)(A)(ii), (B). Here, the crime of conviction involved a short-barreled

shotgun, and the PSR indicated Defendant was convicted in 2010 of a felony controlled-substance offense, namely, "Third Degree Controlled Substance Crime – Sale of Cocaine." (PSR ¶¶ 13, 35.) Accordingly, the PSR determined that Defendant's base offense level was 22, which was increased by two levels because the short-barreled shotgun had been stolen. (Id. ¶¶ 13, 15.) Defendant's total offense level, therefore, was 24.

Next, the PSR determined Defendant's criminal-history category. It recited Defendant's numerous prior brushes with the law and assigned him 11 criminal-history points, based on four particular convictions: the controlled-substance crime mentioned above (three points); a 1999 forgery conviction (three points); and two convictions on January 4, 2005 for possession of marijuana (two points) and unlawful possession of a firearm (three points). (PSR ¶¶ 27-36.) Defendant also received two additional points for committing the crimes charged in the Indictment while on probation for the controlled-substance conviction. (Id. ¶ 37.) With 13 total points, the PSR determined that Defendant fell into criminal history category VI. (Id. ¶ 38.)

With a total offense level of 24 and a criminal history category of VI, the Guidelines yielded a sentencing range of 100-125 months' imprisonment. (Id. ¶ 77.) Defendant lodged only one objection to this calculation, arguing that he had never been convicted of battery, as noted in PSR paragraph 28. (See PSR Addendum (Docket No. 82 at 19).) But because the PSR ascribed no criminal history points to this alleged battery, his objection did not alter the conclusion that his criminal history category was VI.

At sentencing on December 15, 2015, the Court adopted the PSR's Guidelines calculation without change. (Docket No. 80.) Nevertheless, the Court varied downward from the bottom of the recommended range and sentenced Defendant to 96 months' imprisonment. (Docket No. 81.) Defendant appealed but did not raise any sentencing issue, arguing only that the Court erred in denying his motion to suppress. The Eighth Circuit affirmed his conviction on December 22, 2016. United States v. Patterson, 666 F. App'x 569 (8th Cir. 2016).

Defendant filed the instant Motion on August 3, 2017, asserting that his counsel was ineffective in two ways. First, he claims counsel should have objected to the calculation of his base offense level. He argues that the Minnesota controlled substance statute, Minn. Stat. § 152.023, which makes it unlawful to sell a mixture containing a narcotic drug, proscribes conduct that is broader than a "controlled substance offense" under the Guidelines. Section 152.023 defines the term "sell" to include not only selling a drug, but also offering to sell a drug, but for purposes of the Guidelines, a controlled substance offense involves only the sale of a drug. Defendant thus argues that under the "categorical approach" of Mathis v. United States, 136 S. Ct. 2243 (2016), his drug conviction should not have counted when the PSR calculated his base offense level. Second, Defendant claims his counsel erred in failing to object to the calculation of his criminal history category. Specifically, he argues that he should not have received points for both of his January 4, 2005 convictions (for possession of marijuana and unlawful possession of a firearm). Neither contention has merit.

3

In order to be entitled to relief based on ineffective assistance, a prisoner such as Defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a "reasonable probability that, but for [his] counsel's . . . errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Court must evaluate a lawyer's performance without the benefit of hindsight, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A Defendant is entitled to competent representation, but the Constitution "does not insure that defense counsel will recognize and raise every conceivable" argument, Anderson v. United States, 393 F.3d 749, 754 (8th Cir. 2005), and the failure to assert a new or novel argument on an unsettled legal question does not render counsel constitutionally ineffective. Ragland v. United States, 756 F.3d 597, 597 (8th Cir. 2014).

Here, Defendant argues that his counsel should have pressed Mathis's categorical approach to argue his prior drug conviction was not a "controlled substance offense" under the Guidelines. But Mathis was decided more than a year after Defendant was sentenced. More importantly, the law in this Circuit was not settled at the time Defendant was sentenced. As Judge Patrick J. Schiltz noted when denying habeas relief under similar circumstances, "there were a few cases that . . . could have been cited" to support Defendant's position, but at the time he was sentenced, "there was no 'clearly controlling precedent' holding that [his] prior conviction[]" was not a controlled substance offense under the Guidelines. United States v. As-Sadiq, Crim. No. 14-403, 2017 WL 4773113, at *2 (D. Minn. Oct. 20, 2017). When Defendant was sentenced in

4

December 2015, the Eighth Circuit had "never stated – in dicta or otherwise – that a conviction under [Minnesota Statutes] § 152.023 . . . was not a 'controlled substance offense' for purposes of the Guidelines." Id. at *3.  Accordingly, and because of the presumption of competence attached to counsel's representation, the failure to raise the argument cannot constitute ineffective assistance.  See Kelly v. United States, 819 F.3d 1044, 1050-51 (8th Cir. 2016) (denying relief under 28 U.S.C. § 2255 "[g]iven the absence of a clearly controlling precedent requiring a different course of action, and in light of the substantial deference we afford trial counsel"); As-Sadiq, 2017 WL 4773113, at *3.

      Nor did defense counsel err in failing to object to the calculation of Defendant's criminal history category.  As the Government correctly notes, the Guidelines provide that "[p]rior sentences always are counted separately if . . . imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2).  That is precisely the case here.  Even though it appears Defendant pled guilty and was sentenced on the same date for both of his January 2005 convictions (possession of marijuana and unlawful possession of a firearm), the PSR makes clear the marijuana charge stemmed from an arrest on August 7, 2004, while the firearm charge resulted from an arrest on August 14, 2004.  (PSR ¶¶ 33, 34.)  Under these circumstances, there cannot have been error in failing to object to the assignment of points for each conviction.

      Defendant cites United States v. Davis, 720 F.3d 215 (4th Cir. 2013), to support his argument, but that case is inapposite.  There, the defendant previously had been

5

convicted of multiple offenses but, in accordance with North Carolina law, had received a "single judgment" and a "consolidated sentence" limited to the statutory maximum for the "most serious offense" for which he was convicted.  Id. at 218.  Davis held that under these circumstances, it was error for a federal court to later conclude the defendant had multiple prior convictions, rendering him a career offender under the Guidelines.  By contrast here, Defendant points to no Illinois law suggesting his two January 2005 convictions resulted in a "single judgment" or a "consolidated sentence."[1]  Indeed, the two offenses were charged under different case numbers and related to wholly separate conduct, and the sentences imposed for the two crimes—while issued on the same day—were different.  (See PSR ¶¶ 33, 34 (164-day sentence for marijuana possession, 2-year sentence for firearm possession).)  Davis does not aid Defendant's cause.

     For all of these reasons, the Court concludes Defendant is not entitled to relief.  The Court also declines to issue a certificate of appealability.  A defendant who seeks review of an order denying a motion under 28 U.S.C. § 2255 must obtain such a certificate, which will not be granted unless he "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(B), (c)(2); accord, e.g., Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006).  He must show the issues are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  The Court does not believe Defendant meets this exacting standard here.

---

[1] The 2005 convictions arose in Cook County, Illinois.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 (Docket No. 106) is **DENIED**.  The Court **DECLINES** to issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 17-3537.


Dated: November 6, 2017              *s/ Paul A. Magnuson*
                                     Paul A. Magnuson
                                     United States District Court Judge